# EXHIBIT A

**Ty Hyderally, Esq. (ID# 023231993)**
**Hyderally & Associates, P.C.**
33 PLYMOUTH STREET, SUITE 202
MONTCLAIR, NEW JERSEY 07042
TELEPHONE (973) 509-8500
FACSIMILE (973) 509-8501
*Attorneys for Plaintiff, Freddy Rafael Gomez, Sr.*

| | |
|---|---|
| **FREDDY RAFAEL GOMEZ, SR.,**<br><br>**PLAINTIFF,**<br><br>**VS.**<br><br>**UNION CITY BOARD OF EDUCATION, MAYOR BRIAN P. STACK, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES, JUSTIN MERCADO, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES, JOHN DOES 1-10, AND XYZ CORP. 1-10,**<br><br>**DEFENDANTS.** | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: HUDSON COUNTY<br>DOCKET NO.:<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Freddy Rafael Gomez, Sr.  ("Plaintiff" or "Mr. Gomez"), residing at 921 17th Street, Union City, New Jersey 07087, by way of this Complaint against the defendants, Union City Board of Education ("Board"), The Honorable Brian P. Stack, in his official and individual capacities ("Stack"), Justin Mercado, in his individual and official capacities ("Mercado"), John Does 1-10, and XYZ Corp. 1-10 (hereinafter, collectively, the "Defendants") hereby says:

### I.  Nature of Action, Jurisdiction, and Venue

1.     This is an action seeking equitable and legal relief for: (1) violation of 42 U.S.C. § 1983, to remedy Defendants' unlawful actions resulting in retaliation against Mr. Gomez due to his exercise of his freedom of association and/or his right to free speech, and/or his political affiliation

(as to individual defendants); (2) violation of 42 U.S.C. § 1983, to remedy Defendants' unlawful actions resulting in retaliation against Mr. Gomez due to his freedom of association, right to free speech, and/or political affiliation (as to the Board); (3) violation of 42 U.S.C. § 1985, to remedy Defendants' unlawful conspiracy to commit actions resulting in retaliation against Mr. Gomez due to his freedom of association, right to free speech, and/or political affiliation; and (4) defamation.

2.       This court has jurisdiction due to the nature of the action and the amount in controversy. Additionally, Mr. Gomez has satisfied all prerequisites to bringing these claims.

3.       Venue is appropriate in this court since Mr. Gomez works in Hudson County, New Jersey, some of the causes of action occurred in Hudson County, Defendant Board is located in Hudson County, and Defendant Stack lives and works in Hudson County.

## II. Parties

4.       Mr. Gomez has been employed by the Board as an Attendance Officer since in or about October 2007.

5.       During the relevant time period, Mr. Gomez has been an employee of the Board and has performed job related duties in the State of New Jersey.

6.       Mr. Gomez is a public employee for purposes of 42 U.S.C. § 1983.

7.       Additionally, Mr. Gomez is the Director of *La Noticia*, a local newspaper circulated throughout Hudson County, New Jersey, owned by the Gomez Group, LLC, of which Gomez is a member.

8.       Mr. Gomez is also the producer and director of a TV Show known as *Freddy Gomez es el 4to Poder*, which airs on Sundays and Wednesdays on Cablevision Channel 19 and on Gomez's YouTube channel.

2

9.     Defendant Mercado was appointed by Stack as the Board Secretary on or about October 29, 2020 and has been the Board's Director of Facilities since on or about January 1, 2008.

10.     Mercado was a co-policymaker and acted individually and under color of State law, and was responsible for certain actions set forth herein.

11.     Additionally, Mercado was a senior management level employee who controlled Mr. Gomez's workplace and supervised Mr. Gomez and (1) aided the employer in performing a wrongful act that caused an injury; (2) was generally aware of his/her role as part of an illegal or tortious activity at the time he/she provided assistance; and (3) knowingly and substantially assisted the employer in the principal violation of the statutes referenced herein.

12.     Defendant Board maintains offices located at 3912 Bergen Turnpike, Union City, New Jersey 07087.

13.     Defendant Stack is the Mayor of Union City and, in his capacity as such, appointed all members of the Board, served as Board's Director of School Finance at all relevant times herein, and was a co-policymaker and acted individually and under the color of State law and was responsible for certain actions set forth herein.

14.     Additionally, Stack was a senior management-level employee who controlled Mr. Gomez's workplace and supervised Mr. Gomez and (1) aided the employer in performing a wrongful act that caused an injury; (2) was generally aware of his role as part of an illegal or tortious activity at the time he provided such assistance; and (3) knowingly and substantially assisted the employer in the principal violation of the statutes referenced herein.

15.     John Does 1-10 are currently unknown employees who, during the relevant time period, were either senior management-level employees who controlled Mr. Gomez's workplace,

supervised Mr. Gomez, and aided and/or abetted in the commission of conduct complained of herein, and/or who either acted within the scope of their employment at the workplace during working hours, or, to the extent they went beyond the scope of their employment, ratified, embraced and added to the conduct of Defendants Board, Stack. and/or Mercado. As the parties engage in discovery, Mr. Gomez retains the right to amend the Complaint to add these individual employees by name as defendants to this action.

16.     During the relevant time period, XYZ Corp. 1-10 are unknown affiliated corporations or entities or other corporations who have liability for the claims set forth herein. As the parties engage in discovery, Mr. Gomez retains the right to amend the Complaint to add these individual entities by name.

17.     At all times referred to in this complaint, individual employees of the municipal defendant, who are referred to herein, were acting within the scope of their employment at the workplace during working hours, or, to the extent that they were not so acting, these individuals ratified, embraced and added to their conduct.

18.     Thus, defendants are subject to suit under the statutes pled herein.

### III. Factual Allegations

19.   On or about October 1, 2007, Mr. Gomez was hired by Stack to work as an Attendance Officer for the Board.

20.   Until February 1, 2022, Mr. Gomez worked at the Board's Early Childhood Education School, located at 2200 Kennedy Blvd., Union City, New Jersey 07087 (the "School").

21.   Until February 1, 2022, Mr. Gomez reported to Adrianna Birne ("Birne"), Principal of the School, and was also supervised by Mercado.

4

22. Throughout his employment, Mr. Gomez has performed his duties in an exemplary manner.

23. Despite demonstrating excellent performance throughout his employment, Mr. Gomez has been well aware that Stack harbored a deep animus towards him due to Mr. Gomez's political views, Mr. Gomez's refusal to support Stack politically, and Mr. Gomez's exercise of his Constitutional right to criticize Stack's political actions, policies, agenda, and management of Union City.

24. In retaliation for Mr. Gomez's exercise of his Constitutional rights to free speech and political affiliation, Stack and Mercado have engaged in a conspiracy to take adverse employment actions against Mr. Gomez.

25. Stack and Mercado have further made defamatory statements about Mr. Gomez as described below.

26. On February 5, 2021, Mr. Gomez criticized Stack's policies and management of snow removal in Union City in an episode of *Freddy Gomez es el 4to Poder* on Mr. Gomez's YouTube channel.

27. In March 2021, Mr. Gomez went to the Board's offices to hand in an invoice for the Board's advertisements in *La Noticia*, in which the Board had contracted with Mr. Gomez to run paid advertising since in or about the mid-1990s.

28. Mercado came out of his office and told Mr. Gomez in a threatening manner that Mr. Gomez had to stop making critical remarks about Union City and Stack on his social media and television show.

29. Mr. Gomez responded that it was his right as a journalist to comment on what was going on in Union City and Stack's administration.

30.   Mercado stared angrily at Mr. Gomez, turned abruptly, and walked away.

31.   From February to April 2021, Mr. Gomez continued to regularly express his opinions concerning Stack and his administration's failure to adequately address various issues in Union City in *La Noticia* and on *Freddy Gomez es el 4to Poder*.

32.   On May 3, 2021, pursuant to an invitation he received as a member of the press, Mr. Gomez was in attendance at a press event held in the front yard of the Union City High School, at which Congressman Albio Sires was speaking on the COVID-19 pandemic.

33.   At the May 3, 2021 press event, Mercado approached Mr. Gomez and stated, "Brian [Stack] wants to know if you are here during working hours."

34.   Mercado further stated that, because he supervised Mr. Gomez, Mr. Gomez was compelled to respond to his inquiry.

35.   Mr. Gomez responded that he was not working, as he had taken a personal day.

36.   Mercado then called Birne, who confirmed that Mr. Gomez had taken a personal day.

37.   Mercado then became visibly agitated and ordered a police officer to escort Mr. Gomez out of the event.

38.   Although the police officer did not escort Mr. Gomez out of the event, he did follow Defendants' directive in denying Mr. Gomez access to the area designated for the press, where the other members of the press were gathered.

39.   Such actions were highly embarrassing, devasting, and professionally demeaning to Mr. Gomez.

40.   Defendants' actions have caused significant damage to Mr. Gomez.

6

41. The next day, Mercado and Stack continued their conspiracy to take adverse employment actions against Mr. Gomez.

42. On May 4, 4021, Stack, as Board Secretary, notified Mr. Gomez that the Board would be ceasing publication of all notices or advertisements in *La Noticia*, and ending the parties' contractual relationship, as of May 15, 2021. (See **Exhibit "1"** hereto.)

43. Stack and Mercado's actions were so egregious that on May 5, 2021, the National Commission for Human Rights sent a letter to Stack on Mr. Gomez's behalf to "stop the abuse." (See **Exhibit "2"** hereto.)

44. On May 18, 2021, Mr. Gomez uploaded to his social media a new episode of his show that contained content highly critical of Stack's continued tolerance of illegal carwashes and cars parked on the sidewalk, which interfered with pedestrian traffic and created a safety hazard.

45. Once again, Defendants retaliated against Mr. Gomez.

46. On May 21, 2021, Mr. Gomez received a notice of disciplinary charges based upon false and defamatory accusations, at the direction of Mercado and Stack, and compelling him to attend a meeting on May 25, 2021. (See **Exhibit "3"** hereto.)

47. Defendants defamed Mr. Gomez by falsely asserting that Mr. Gomez had filed a false unemployment claim. (See **Exhibit "3"** hereto.)

48. Such a statement is defamatory per se.

49. The May 21, 2021 notice directed Mr. Gomez to attend a meeting on May 25, 2021, with Mercado, Diane R. Capizzi, Assistant to the Superintendent/Human Resources and Elise DeNardo, Esq., Board counsel. (See **Exhibit "3"** hereto.)

50.   On May 25, 2021, Mr. Gomez appeared at the disciplinary meeting, accompanied by Barbara Pinzon ("Pinzon"), Union Representative, and Ed Stevens ("Stevens"), Union President.

51.   Defendants failed to present any evidence in support of the clearly retaliatory, defamatory, and unsupported false charges.

52.   In fact, Mr. Gomez presented evidence clearly exonerating him on both charges.

53.   Despite the evidence presented, on May 25, 2021, Mr. Gomez received a *Rice* notice advising him that the Board would be considering an issue involving Mr. Gomez 's employment status at its next scheduled meeting on May 27, 2021. (See **Exhibit "4"** hereto.)

54.   On May 28, 2021, Defendant sent Mr. Gomez a letter, which Mr. Gomez acknowledged as received on June 1, 2021. (See **Exhibit "5"** hereto.)

55.   The May 28, 2021 letter repeated the false and defamatory accusations that Defendants asserted at the May 25, 2021 disciplinary meeting. (See **Exhibit "5"** hereto.)

56.   The letter also falsely stated at the top of the first page "2nd Request 6/10/21."

57.   As is apparent from the fact that Mr. Gomez acknowledged receipt of the letter and sent his reply to the letter on June 1, 2021, this letter was not, in fact a second request, nor was it sent to Mr. Gomez on June 10, 2021. (See **Exhibit "5"** hereto.)

58.   The May 28, 2021 letter further stated that Mr. Gomez would be sent a summary of the May 25, 2021 Board meeting pertaining to the Board's consideration of Mr. Gomez's employment status. (See **Exhibit "5"** hereto.)

59.   To date, Mr. Gomez has not been provided with any summary of the May 2021 Board meeting.

60.     On June 1, 2021, Mr. Gomez responded to the false and defamatory statements contained in the May 28, 2021 letter. (See **Exhibit "6"** hereto.)

61.     In or about November 2021, Mr. Gomez uploaded to social media an episode of his show, *Freddy Gomez es el 4to Poder*, wherein claims pending in the Supreme Court of New Jersey against the Board, which arose out of alleged sexual misconduct by Stack, were discussed.

62.     Upon information and belief, the Board did not meet in December 2021.

63.     On or about January 27, 2022, a Board meeting was held.

64.     Subsequently, Mr. Gomez was informed that the Board had approved the transfer of Mr. Gomez from the Early Childhood Center to Union Hill Middle School, as well as the transfer of Mr. Gomez's wife, Maria T. Gomez, who is employed by the Board as a security guard, from Jose Marti STEM Academy to Edison School, both effective February 1, 2022.

65.     The transfers were done purposefully to retaliate against Mr. Gomez.

66.     Mr. Gomez and his wife's work hours were changed in a negative fashion, the distance from their home to work was increased, their work duties were changed, his office with a phone and computer was taken away from him and he was given a waiting room with his desk facing the wall and no phone or computer, their work environment was made hostile and intolerable, and people constantly ignore Mr. Gomez or treat him in a hostile manner.

67.     Defendants' decisions to engage in the foregoing retaliatory actions were based upon Mr. Gomez's political beliefs and affiliation and were made for no legitimate reason.

68.     The actions undertaken by Defendants because of Mr. Gomez's exercise of his freedom of association, exercise of his right to free speech, and/or Mr. Gomez's political affiliation were arbitrary, capricious and done in bad faith, in reckless disregard of Mr. Gomez's rights to

free speech, freedom of association, and freedom of belief, each of which is protected by the First and Fourteenth Amendments of the United States Constitution.

69. In taking such retaliatory actions, Defendants placed their own political interests above their obligations as public servants to uphold the Constitution of the United States.

70. Defendants' unlawful actions have caused Mr. Gomez to suffer severe emotional and physical harm, as well as exceptional emotional distress, depression, anxiety, and sleeplessness.

71. Due to Defendants' unlawful conduct, Mr. Gomez's physician has prescribed medication for anxiety, anti-depressants and medication for insomnia, and Mr. Gomez has had to seek psychological counseling with Rocio C. Day, LCSW, in Guttenberg, New Jersey.

72. After being informed of the retaliatory transfers that would be put into effect on February 1, 2022, Mr. Gomez's symptoms worsened to the point that his physician, Paresh Shukla, M.D. directed him not to work starting February 1, 2022 to the date of the filing of this Complaint.

73. Mr. Gomez promptly advised the Board of same and applied for short-term disability benefits.

### Count I
### 42 U.S.C. § 1983
### (As to the Individual Defendants)

74. Mr. Gomez realleges and incorporates herein the paragraphs previously set forth in this Complaint.

75. Stack and Mercado, acting in their official capacities and as individuals under the color of State law, intentionally deprived Mr. Gomez of rights secured to him by the Constitution of the United States and federal law, including, but not limited to, his freedom of speech,

freedom of political affiliation and belief, and freedom of association under the First Amendment to the United States Constitution.

76.   Defendants violated the First and Fourteenth Amendments to the United States Constitution by unlawfully committing adverse employment actions against Mr. Gomez due to his exercise of his freedom of association, his exercise of his right to free speech, and/or Mr. Gomez's political affiliation and beliefs, thereby denying him the rights and protections conferred by the United States Constitution, in violation of 42 U.S.C. § 1983.

77.   As a direct and proximate result of Defendants' violations of the First and Fourteenth Amendments of the United States Constitution, Mr. Gomez has suffered the deprivation of precious Constitutional rights, mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, physical manifestations of emotional distress injuries, and/or physical injury. Furthermore, Mr. Gomez has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Mr. Gomez's life. Moreover, Mr. Gomez has and/or may in the future have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Mr. Gomez's damages have been experienced in the past, and they will continue into the future.

78.   Further, Mr. Gomez has been required to retain an attorney to assist Mr. Gomez in asserting Mr. Gomez's claims and protecting Mr. Gomez's rights.

### Count II
### 42 U.S.C. § 1983
### (As to Defendant Board)

79.   Mr. Gomez realleges and incorporates herein the paragraphs previously set forth in this Complaint.

80.   Defendant Board deprived Mr. Gomez of his Constitutional rights to freedom of speech, political affiliation and belief, and association. This deprivation resulted from a policy or custom of retaliatory employment practices instituted, implemented, and encouraged by Stack, Mercado and the individual members of the Board, whose acts or edicts represented official Board policy.

81.     As a direct and proximate result of Defendant Board's violations of the First and Fourteenth Amendments of the United States Constitution, Mr. Gomez has suffered the deprivation of precious Constitutional rights, mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, physical manifestations of emotional distress injuries, and/or physical injury. Furthermore, Mr. Gomez has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Mr. Gomez's life. Moreover, Mr. Gomez has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Mr. Gomez's damages have been experienced in the past, and they will continue into the future.

82.     Further, Mr. Gomez has been required to retain an attorney to assist Mr. Gomez in asserting Mr. Gomez's claims and protecting Mr. Gomez's rights.

**Count III**
**42 U.S.C. § 1985**
**(As to the Individual Defendants)**

83.     Mr. Gomez realleges and incorporates herein the paragraphs previously set forth in this Complaint.

84.     Mr. Gomez alleges that Defendants Stack and Mercado violated the First and Fourteenth Amendments to the United States Constitution by unlawfully conspiring to commit adverse employment actions against Mr. Gomez due to his freedom of association, right to free speech, and/or political affiliation, thereby denying him the rights and protections conveyed by the Constitution, in violation of 42 U.S.C. § 1985.

85.     As a direct and proximate result of the individual defendants' violations of the First and Fourteenth Amendments, Mr. Gomez has suffered the deprivation of precious Constitutional rights, mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, physical manifestations of emotional distress injuries, and/or physical

injury. Furthermore, Mr. Gomez has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Mr. Gomez's life. Moreover, Mr. Gomez has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Mr. Gomez's damages have been experienced in the past, and they will continue into the future.

86.     Further, Mr. Gomez has been required to retain an attorney to assist Mr. Gomez in asserting Mr. Gomez's claims and protecting Mr. Gomez's rights.

### **Count IV**
### **Defamation**
### **(As to All Defendants)**

87.     Mr. Gomez realleges and incorporates herein the paragraphs previously set forth in this Complaint.

88.     The foregoing facts and circumstances demonstrate that Defendants have engaged in defamation, including defamation per se.

89.     Defendants' defamatory comments include a false accusation that Mr. Gomez engaged in criminal conduct of filing a fraudulent unemployment claim.

90.     Such statement is defamatory per se.

91.     The specific defamatory comments and writings are referenced above.

92.     The specific defamatory comments and writings referenced above set forth the factual predicate for this Count.

93.     As a direct and proximate result of the actions of Defendants, Mr. Gomez has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, physical manifestations of emotional distress injuries, and/or physical injury. Furthermore, Mr. Gomez has suffered lost wages, a diminished ability to earn a living, and a

diminished capacity to enjoy Mr. Gomez's life. Moreover, Mr. Gomez may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Mr. Gomez's damages have been experienced in the past, and they will continue into the future.

94.    Further, Mr. Gomez has been required to retain an attorney to assist Mr. Gomez in asserting Mr. Gomez's claims and protecting Mr. Gomez's rights.

**WHEREFORE**, as to each and every count, Mr. Gomez demands judgment on each and all of these Counts against the Defendants, jointly and severally, as follows:

A.    Compensatory damages of not less than $500,000;

B.    Damages for lost wages and benefits, back pay, front pay (or reinstatement);

C.    Damages for humiliation and mental and emotional distress;

D.    Statutory damages, if applicable,

E.    Punitive damages and or liquidated damages, where permitted by law;

F.    Attorneys' fees and costs of suit, including but not limited to an award of attorney's fees and/or other fees authorized by 42 U.S.C. § 1988;

G.    Lawful interest - including pre-judgment interest on lost wages;

H.    Lawful interest - including pre-judgment interest on any wages not paid in a timely manner; and

I.    Such other, further and different relief as the Court deems fitting, just and proper.

Mr. Gomez hereby reserves the right to amend this Complaint to supplement or modify the factual obligations and claims contained herein, based upon information received from the Defendants, witnesses, experts, and others in the course of discovery in this matter.

14

### DEMAND FOR TRIAL BY JURY

Pursuant to <u>Rule</u> 4:35-1(a) and (b), Mr. Gomez respectfully demands a trial by jury on all issues in the within action so triable.

### DESIGNATION OF TRIAL COUNSEL

In accordance with <u>Rule</u> 4:25-4, TY HYDERALLY is hereby designated as trial counsel on behalf of Mr. Gomez.

### R. 4:5-1(b)(2) CERTIFICATION OF NO OTHER ACTIONS OR PARTIES

I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, that no other action or arbitration proceeding is contemplated, and that there are no other parties known to me at this time who should be joined as parties to this action.

### DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to <u>R.</u> 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.

If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

DATED:        April 8, 2022

HYDERALLY & ASSOCIATES, P.C.
*Attorneys for Plaintiff*


By:        _____
            TY HYDERALLY, Esq.
            For the Firm

T:\Gomez Freddy Rafael\Pleadings\040722.COM.doc

# Exhibit "1"





DV DANIELS NJ 07
7 MAY 2021 PM 6

$ 000.51

La Noticia
921 17th Street
Union City, NJ 07087

07087-192921



**Union City**
Board of Education

*1812 Bergen Turnpike, Union City, New Jersey*

Justin Mercado
Board Secretary

201-271-2240 • Fax 201-348-5926

May 4, 2021

RE:   Publication of Advertisements Related to the Union City Board of Education
And the Union City School District

Dear Vendor:

Effective immediately and until further notice, all advertisements for the Union City
Board of Education ("Board") and the Union City School District must receive approval and
written authorization from the Superintendent or the Board Secretary prior to publication.
Failure to receive prior written authorization will result in non-payment of your invoice when
presented to the Board.

**BE FURTHER ADVISED** that the Union City Board of Education will cease
publication of its notices in your periodical, or on your website effective May 15, 2021. You
will not be compensated for the publication of any advertisement for the Union City Board of
Education or the Union City School District after May 15, 2021.

You will be notified in writing when, or if, the Union City Board of Education intends to
renew its relationship with your periodical or website for advertisements related to the Board and
the Union City School District.

Thank you for your attention to this matter.

Very truly yours,

Justin Mercado
Board Secretary

Via:   Regular Mail
       Certified Mail



## PURCHASE ORDER
## UNION CITY BOARD OF EDUCATION
3912 Bergen Turnpike
Union City NJ 07087
FEDERAL I.D. 226002355

| | |
|---|---|
| **PO#** | **2100637** |
| PO DATE | 09/15/20 |
| REQ # | 153608 |
| PAGE | 1 |

PURCHASE ORDER NUMBER
MUST APPEAR ON ALL PAPER
INVOICES AND PACKAGES
RELATED TO THIS ORDER

| VENDOR | 8097 |
|---|---|
| LA NOTICIA GOMEZ GROUP LLC 921-17 ST. UNION CITY NJ 07087 | |

| BUYER | |
|---|---|
| SHIP TO | |
| SUPERINTENDENT ROOM 117 UNION CITY EDUCATION CENTER 3912 BERGEN TURNPIKE UNION CITY NJ 07087 | |

| VENDOR ACCT | |
|---|---|
| EMAIL | |
| PHONE # | (201)974-4862 |
| FAX # | (201)974-0653 |

| CONTACT | |
|---|---|
| CONTACT PHONE | |
| AUTHORIZED BY | SUPERINTENDENT |

SPECIAL INSTRUCTIONS

| QTY | UOM | DESCRIPTION | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| 1 | | 2020/2021 School Year | | 0.00 |
| 12 | | Monthly advertisement not to exceed (1800.00 per month) | 1,800.00 | 21,600.00 |
| | | | Freight | 0.00 |
| | | | Total | 21,600.00 |

```
For Union City Board of Education use only
11-000-230-590 BOE/0104 10421    21600.00
```

*(handwritten)*
Q @ 2/02
Paid: 14,400.00
Balance 7,200.00
— To open f/1
June 30, 2026

| PO NO. 2100637 | | TOTAL THIS ORDER | | 21,600.00 |
|---|---|---|---|---|
| if there are any must call the 's | | Applicable and Annexed to the Secretary of the Board of Education. At Least one monthly meeting. Signed delivery receipts with signature of party receiving goods. Purchase Order Numbers must appear on this invoice. The declaration which appears by the claimant on this Statement is a certification by duly authorized officer thereof or demand exceeds $15000. | | |
| | | | CERTIFIED CORRECT | CHECK NO. |
| PURCHASE ORDE... | | CLAIMANT'S CERTIFICATION AND DECLARATION By under penalties of the law that the within bill is correct in all its particulars that the goods or bill have been delivered or rendered, that no bequest has been given or received for any knowledge of that claimant in connection with claim. That the same is correct and due and the amount therein stated is justly due and owing and that amount charged is reasonable/one. | | |
| | | DATE _____ 21 _____ | CLAIMANT'S SIGNATURE | |

## VOUCHER

# Exhibit "2"

Comisión Nacional de los
Derechos Humanos (CNDH-RD)

NATIONAL COMMISSION FOR HUMAN RIGHTS (CNDH) HEADQUARTERS,

SANTO DOMINGO, RD.

May 05, 2021

Mr. Brian P. Stack
3713 Palisade Avenue
Union City, NJ 07087

On behalf of our institution in the Dominican Republic and Human Rights Worldwide,
we join in the outrage of our representative, Prof. Freddy Gómez, President of our institution in
the State of New Jersey, in protest of the harassment and mistreatment done by you on Monday,
May 03, 2021 to Mr. Freddy Gómez, violating his Human Rights, as a Journalist, Representative
of Human Rights and individual. In which you arrogantly misused your position and power and
illegally had a Union City Police officer, prevent and remove Mr. Gómez from a public place,
where a Press Conference on Covid-19 was held by Congressman Albio Sires along with the
Hudson County City Mayors. Our Human Rights President Mr. Freddy Gómez, had an invitation
letter in his role as a journalist for more than 30 years, Director of the newspaper "La Noticia"
and Producer and Director of the TV Show, "Freddy Gómez es el 4to Poder" which airs on
channel 19, Cablevision, Sundays and Wednesday, as well as on his YouTube channel as
"Freddy Gómez es el 4to Poder". Mr. Gómez was humiliated by you in the presence of all those
present, as well as prevented from exercising his Rights as a Person, Journalist and resident of
the City of Union City. On behalf of our Institution, we demand respect and stop the abuse of
our representative in the State of New Jersey. Our institution will be pending and vigilant of this

Av. Ortega y Gasset #200, 2do Nivel de la Fundacion Tropico (Cristo Rey) Tel. 809-616-1585
Email: cndhrd@hotmail.com RNC: 430096679 Facebook: CNDHRD Twitter: @CNDHrd

Comisión Nacional de los
Derechos Humanos (CNDH-RD)

case, which could reach the "INTER-AMERICAN COURT OF HUMAN RIGHTS," to be
ventilated at the international level.

Sincerely,

DR. MANUEL MARIA MERCEDES MEDINA
President of the National Commission for Human Rights (CNDH) Dominican Republic.

# Exhibit "3"

**UC** UNION CITY
BOARD OF EDUCATION

DIANE R. CAPIZZI
ASSISTANT TO THE SUPERINTENDENT
HUMAN RESOURCES
3912 BERGEN TURNPIKE • UNION CITY, NJ 07087



*Mr. Freddy Gomez*

---

**UC** UNION CITY
BOARD OF EDUCATION
3912 BERGEN TURNPIKE • UNION CITY, NJ 07087

DIANE R. CAPIZZI
ASSISTANT TO THE SUPERINTENDENT/HUMAN RESOURCES
DCAPIZZI@UCBOE.US
201.271.2289 OPT #2 • FAX 201.865.0668



*Hand Delivered   5/3/21*

May 20, 2021

RE:   Notice of Meeting with: Diane R. Capizzi, Assistant to the Superintendent/Human
Resources and Justin Mercado, Director of Facilities
Date and Time of Meeting: Tuesday, May 25, 2021 at 10:00 a.m.
Place of Meeting: Board Room, UCEC
Reasons for Meeting: Insubordination and Conduct Unbecoming: Incident on 5/3/21;
Conduct Unbecoming: Filing of False Unemployment Claim

Dear Mr. Freddy Gomez:

Pursuant to Article 5.D of the Collective Bargaining Agreement (CBA), you are hereby required to
attend a meeting as set forth above to discuss the following:

Insubordination and Conduct Unbecoming: Incident on 5/3/21 at
Union City High School.

Conduct Unbecoming: Filing of False Unemployment Claim on August 9, 2020.

This meeting could adversely affect your employment with the Board. You are, therefore,
entitled to have a union representative attend the meeting to advise you and represent you during the
meeting, pursuant to Article 5.D of the Instructional and Non-Instructional CBA.

Your failure to appear at this meeting will result in disciplinary action against you, including, but
not limited to, withholding of your increment, non-renewal of your employment, termination of your
employment and tenure charges, if applicable.

A copy of this letter will be placed in your personnel file. Pursuant to Article 17.D.2 of the
Instructional Collective Bargaining Agreement and Article 5.H.2 of the Non-Instructional Collective
Bargaining Agreement, whichever is applicable, you are required to sign the enclosed copy of this letter
where indicated and return it to me.

Please be aware that your failure to sign this letter and return it to me constitutes
insubordination which can lead to disciplinary action against you including, but not limited to,
withholding of your increment, non-renewal of your employment, termination of your employment, and
tenure charges, if applicable.



**UNION CITY**
BOARD OF EDUCATION

DIANE R. CAPIZZI
ASSISTANT TO THE SUPERINTENDENT
HUMAN RESOURCES
3912 BERGEN TURNPIKE • UNION CITY, NJ 07087

*Mr. Freddy Gomez*

---

**UNION CITY**
BOARD OF EDUCATION
3912 BERGEN TURNPIKE • UNION CITY, NJ 07087

DIANE R. CAPIZZI
ASSISTANT TO THE SUPERINTENDENT/HUMAN RESOURCES
DCAPIZZI@UCBOE.US
201.271.2289 OPT.#2 • FAX 201.866.0868

Thank you for your anticipated cooperation.

Very truly yours,

*Diane R. Capizzi*

Diane R. Capizzi, Asst. to Superintendent/Human Resources

Received and reviewed:_____
                    (Signature)

Date:_____

# Exhibit "4"



**UNION CITY**
**BOARD OF EDUCATION**

3912 Bergen Turnpike • Union City, NJ 07087

**DIANE R. CAPIZZI**
Asst. to Superintendent/HR

DCAPIZZI@UNION-CITY.K12.NJ.US
201-348-5850 • Fax 201-866-0868

5/25/2021

Mr. Freddy Gomez
921 17 Street
Union City, NJ 07087

Dear Freddy Gomez:

Please be advised that the Union City Board of Education shall consider an issue involving your employment status at its next meeting scheduled for May 27, 2021. The meeting will be held at Union City Education Center, 3912 Bergen Turnpike, Union City, NJ 07087 beginning at 5:00 PM.

You are hereby advised that the discussion, if any, regarding your employment status will be held in closed executive session. Your rights as an employee may be adversely affected. Pursuant to N.J.S.A. 10:4-12(b)(8), and Rice v. Union County Regional High School Teacher's Association, Inc., 155 N.J. Super. 64 (App. Div. 1977), you are hereby given advance notice of your right to have discussion on this matter, if any, held in open public session. If you wish to exercise this right, please sign the tear-off statement at the bottom of this letter and return to my attention prior to 3:00 PM. on May 26, 2021.

Should you so desire, please feel free to have a UCEA Representative with you.

Very truly yours,

Diane R. Capizzi
Asst. to Superintendent
Human Resources

C:File
C: Silvia Abbato, Superintendent
C: Board Counsel

Certified Mailing Number:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**REQUEST FOR OPEN PUBLIC DISCUSSION.** I, _____ hereby request that discussion on the above-captioned matter, if any, occur in Open Session at the regular meeting of the Union City Board of Education on _____.

_____
Signature

# Exhibit "5"

UNION CITY
BOARD OF EDUCATION
3812 BERGEN TURNPIKE • UNION CITY, NJ 07087

DIANE R. CAPIZZI
ASSISTANT TO THE SUPERINTENDENT/HUMAN RESOURCES
DCAPIZZI@UCBOE.NJ.US
(201) 348-5500 Ext. 81 • FAX (201) 866-0804

2nd Request 6/10/2021

May 28, 2021

RE:     Confirmation of Meeting Attended by: Freddy Gomez, Ed Stevens, Barbara Pinzon, Elise
        DiNardo, Esq., Justin Mercado, Diane Capizzi
        Date and Time of Meeting: May 25, 2021; 10:00: a.m.
        Place of Meeting: Board Room, UCEC
        Reasons for Meeting: Insubordination and Conduct Unbecoming: Incident on 5/3/21;
        Conduct Unbecoming: Filing of False Unemployment Claim on August 9, 2020

At the onset of the meeting, it was confirmed by all that the meeting would not be recorded. Mr. Gomez
also confirmed he does not speak English, so Ms. Pinzon served as his translator.

Dear Mr. Gomez:

        This will confirm our meeting on the above referenced date and time.
        With respect to each issue, you were notified as follows:
        You have been called to this meeting in regard to the two (2) reasons written above; you
affirmed that you understood this.
        At the 5/3/21 event, you were asked by Mr. Mercado why you were not at work. In
response your answer and conduct were unbecoming and belligerent; the police needed to remove you
from the event. This display was witnessed by the public and students of the school, as the event was
held at one of the Union City Schools.

        Your response to this issue:
        You said you did not recall speaking in a belligerent manner to Mr. Mercado. You denied
making a scene or acting inappropriately. You denied knowing Mr. Mercado was your
supervisor. When asked who you reported to, you replied your principal.
        Mr. Mercado reminded you of a department meeting (which you attended), which he
held, for Attendance Officers and Verification Officers, as the supervisor of that
department.

        In regard to the second issue: Conduct Unbecoming: Filing of False Unemployment Claim on
August 9, 2020:
        Ms. DiNardo stated you are a contracted employee. If you filed a claim for any time that you
were paid by the UCBOE, that would be considered "double dipping". As a public employee, the Board
has the right to investigate this matter; a discussion of this will be held at this month's BOE meeting.
M. Stevens said it could have been a mistake. He also stated that Mr. Gomez has not been convicted of
fraud. He suggested we contact the Department of Labor and see what their findings are, in regard to
this case.

        You were reminded that Board employees must conduct themselves in an appropriate
manner. Hopefully, you will do so, toward fellow employees, supervisors and other administrators.
        You were given a RICE letter for this month's (May) board meeting.
        You will be sent a summary of this meeting.



**UNION CITY**
**BOARD OF EDUCATION**
3912 Bergen Turnpike • Union City, NJ 07087

DIANE R. CAPIZZI
Assistant to the Superintendent/Human Resources
DCAPIZZI@UCBOE.US
201.271.2250 opt. 02 • Fax 201.866.0088

A copy of this letter will be placed in your personnel file. Pursuant to Article 17.D.2 of the instructional Collective Bargaining Agreement and Article 5.H.2 of the non-Instructional Collective Bargaining Agreement, whichever is applicable, you are required to sign the enclosed copy of this letter where indicated and return it to me in the enclosed, self-addressed stamped envelope or you may deliver it to me in person. You have the right to submit a written answer to this letter and your answer will be attached to this letter in your personnel file.

Your signature does not indicate agreement with the contents of this letter. You have the right to submit a written answer to this letter and your answer will be reviewed by the Superintendent or his designee and your answer will be attached to this letter in your personnel file.

Thank you for your anticipated cooperation.

Very truly yours,

*Diane R. Capizzi*

Diane R. Capizzi,
Asst. to the Superintendent, HR

Received and reviewed: *Freddy Gomes*
                       (Employee Name)

Dated: 06/01/21

Cert. Mail # 7099 3400 0007 1850 2384
            9590 9402 4249 8121 6956 27

*PLEASE:*
*SEE MY RESPONSE*
*TO THIS LETTER*
*ATTACHED.*

# Exhibit "6"

Freddy R. Gomez Sr.
921 17th Street
Union City, NJ 07087
201.895.9181

June 1, 2021

Via Email & CMRR----------
To:  Union City Board of Education
3912 Bergen Turnpike
Union City, NJ 07087
Attn: Diana R. Capizzi, Assistant to Superintendent/ Human Resource

Re: Response to letter mailed to me on May 28, 2021, regrading meeting held on May 25, 2021

In response to your letter dated May 28, 2021, please be advised that you are misinformed on the incident that took place on May 03, 2021 *"outside"* of the Union City High School located at 2500 JFK Blvd, Union City, NJ 07087.

**_Insubordination and Conduct Unbecoming_**- In your letter you stated that when Mr. Mercado asked me **_"why you were not at work,"_** my response and conduct were unbecoming and belligerent and that the police needed to remove me from the event, you also stated that this was witnessed by the public and students at the school.  **That is false!**

Mr. Mercado approached me with an attitude and asked" Brian Stack wants to know if you are here during working hours, my response was, *"I do not work for him, tell him to ask me himself."* Then Mr. Mercado said, "well I am your boss, and you need to answer to me".  I responded, "I have no knowledge of you being my boss," and then Mr. Mercado made a phone to my place of work, which he should have done from the very beginning as a Supervisor he claimed to be.

Once confirmed, that I was on a Personal day in a "Public Press Event" with an invitation from Congressman Albio Sires, he asked Officer V. Cherry to have me removed in which the officer **_"Did not"_** as he said himself, "you have done nothing wrong, I cannot arrest or have you removed".  I stayed at the event the entire time, from a distant as Mr. Justin Mercado had received that order from Brian Stack. There were NO children at all at this event.

Please be advised I do hold a recording of the entire event as well as other Press Members, I have no problem making that recording public for all to see.

**_Conduct Unbecoming: Filing of False Unemployment Claim on August 9, 2020_**- As Mr. Stevens stated at the meeting the "dates" were an error due to the language barrier. I was supposed to claim

from July 1, 2020 to August 30, 2020. I am indeed eligible to collect unemployment benefits during the summer months as I do not work nor do I receive a paycheck as per the State of New Jersey, something that for years I should have done.  Due to the error of dates, I am responsible to pay back the month of September 2020, the sum of $1426.00 to the State of New Jersey, in which I have agreed to with no problem at all. There was never fraud it was a simple human error.

Lastly, in your letter you state that the letters will be placed in my employment record and I strongly disagree with that. Nothing should be placed in my file.  I have never in 14 years received any dissatisfactory documents, warnings, etc and for anything to be placed in my file because Mr. Mercado feels I should have responded to him a certain way he felt I should of is "he or say" and a personal feeling.  I was on a "Personal day". Mr. Mercado himself did not follow the proper procedure. A supervisor should confirm any information needed before approaching any employee especially on an approved personal day.  The way Mr. Mercado approached me was wrong, disrespectful and not needed.

Again, I state I was on an approved Personal Day, by the only Supervisor I have known and reported to for 14 years at an event ONLY for Press members.  Mr. Justin Mercado does not belong to the Press nor was he at a school function. This was strictly an invitation to Press Member Only.

Please be advised that on May 28, 2021, I sent an email with the subject, "Conflict of Interest – Elsie De Nardo, Esq." to you Ms. Capizzi as well as the Union president Ed Stevens, Union Representative Barbara Pinzon and Justin Mercado.  That Email will also be attached to this letter for your reference.

I also sent Mrs. Adrianna Birnes, Principal at Early Childhood Center and Supervisor an email after verbally requesting the Frontline information several times. Please be advised that the log in and pin have not been given to me.

As you reminded me in your letter "Board employees must conduct themselves in an appropriate manner". **So should Supervisors.**

Sincerely:


Freddy R. Gomez Sr.